CENTRAL OF GEORGIA RY. CO. v. MAJORS. (4 Div. 130.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Feb. 2, 1926.)

1. Railroads ⬦441(2)—Burden on railroad to acquit itself of negligence in killing animal.

Where plaintiff showed train had caused death of his bull, railroad had burden of acquitting itself of negligence.

2. Railroads ⬦441(5)—Testimony of engineer and fireman held not to acquit railroad of negligence in killing animal.

Where plaintiff showed that a train had caused death of his bull, railroad did not acquit itself of negligence by testimony of engineer and fireman of train, not definitely shown to have caused injury.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by C. S. Majors against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

G. L. Comer & Son, of Eufaula, for appellant.

It was error to refuse the affirmative charge requested by defendant. E. T., V. & G. v. Bayliss, 77 Ala. 429, 54 Am. Rep. 69; A. G. S. v. Chapman, 80 Ala. 615, 2 So. 738; W. of A. v. Lazarus, 88 Ala. 453, 6 So. 877; Smith v. Bugg, 211 Ala. 341, 100 So. 503. The court erred in rulings on motion for new trial. Code 1923, § 9518; Sou. Ry. v. Carolina-Portland Co., 171 Ala. 427, 55 So. 134.

Chauncey Sparks, of Eufaula, for appellee.

The affirmative charge was properly refused. Tabler v. Sheffield, etc., Co., 87 Ala. 309, 6 So. 196; N., C. & St. L. v. Bingham,

182 Ala. 640, 62 So. 111; Mobile L. & R. Co. v. Davis, 1 Ala. App. 338, 55 So. 1020.

RICE, J. [1, 2] This is a suit over a $25 bull. Appellee had judgment for that amount in the court below, and appellant brings the case here and assigns as error the refusal by the trial court to give in its favor the general affirmative charge and the overruling of its motion to set aside the verdict and grant it a new trial. In neither particular do we think the court erred. The law is well settled and understood. When the appellee introduced evidence sufficient to show the death of his bull through the agency of one of the appellant's trains, the burden then rested upon appellant to acquit itself of negligence. This it undertook to do by the testimony of the engineer and firemen of one of its passenger trains, which seemed to be most likely to be the train that caused the death of the bull. However, we think the evidence affords an inference that the death of the bull was caused by another train, whose crew was not examined.

Finding no prejudicial error in the record, the judgment is affirmed.

Affirmed.